UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT MOHLMAN,

        Plaintiff,

                                   Case No. 15-13489
v.                                 Hon. Gerald E. Rosen

DEUTSCHE BANK NATIONAL
TRUST COMPANY and CRAIG
J. KEANEY,

        Defendants.
_____/

### ORDER AND JUDGMENT OF DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          August 1, 2016

PRESENT:    Honorable Gerald E. Rosen
                          United States District Judge

By order dated November 23, 2015, the Court directed Plaintiff Brent Mohlman to show cause why his *pro se* complaint filed on October 6, 2015 should not be dismissed on the grounds (i) that the present suit is largely duplicative of another action, Case No. 15-11085, brought by Plaintiff earlier in 2015, and (ii) that Plaintiff's claims in the present case are barred by claim preclusion, in light of his commencement of two prior suits, Case Nos. 12-10120 and 15-11085, arising from the same underlying transactions and seeking the same or similar relief.

Plaintiff responded to the show cause order on December 4, 2015. Having reviewed this response and the record as a whole, the Court readily concludes that this suit is subject to dismissal on both of the grounds set forth in the November 23 show cause order.

Plaintiff's *pro se* response to the show cause order fails to meaningfully address either of the concerns raised in the Court's order. First, while the Court explained that Plaintiff's latest suit reflects an impermissible attempt to maintain two separate actions at the same time against the same defendant and arising out of the same underlying facts, (*see* 11/23/2015 Show Cause Order at 4-5), Plaintiff's response to the show cause order has nothing to say on this subject. In particular, Plaintiff does not deny that the theories of recovery asserted in his most recent complaint involve the same subject matter, facts, and underlying transactions that gave rise to the suit he brought earlier in 2015, and that these theories of recovery could readily have been pursued in this earlier action. In accordance, then, with the authorities cited in the November 23 order, this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as duplicative of an existing suit.

Next, Plaintiff makes only a cursory effort to address the impact of the "well-settled principles of claim preclusion" identified in the November 23 order. (*See* 11/23/2015 Show Cause Order at 5-6.) In particular, Plaintiff states in wholly

conclusory fashion that his two prior suits arising from the same underlying facts did not afford him a "full and fair opportunity to be heard" on the relevant issues, (*see* Plaintiff's Response to Show Cause Order at 2), as necessary to trigger the bar of claim preclusion, *see James v. Gerber Products Co.,* 587 F.2d 324, 327-28 (6th Cir. 1978) (recognizing that the doctrine of claim preclusion applies so long as, among other requirements, a litigant had a "full and fair opportunity" to seek judicial resolution of the same issue in a prior proceeding). Yet, as explained in the November 23 order, the claims asserted in Plaintiff's latest case "are virtually identical to — or, at a minimum, share the same operative facts with — the claims" he has advanced in his two prior suits. (11/23/2015 Show Cause Order at 5-6; *see also id.* at 3 (detailing the similarities between the claims and allegations in the present case and those in the suits brought by Plaintiff earlier in 2015 and in 2011).)

     Plaintiff fails to suggest how his latest suit, filed in October of 2015, afforded him a unique and newly arisen opportunity to be heard that was not available to him when he brought his prior action just a few months earlier, in February of 2015. Nor does he suggest what might have prevented him from incorporating into his February 2015 complaint any arguably "new" claims that he seeks to assert for the first time in the present suit. To the extent that Plaintiff

3

claims in his response to the November 23 order that he only recently became aware of additional theories of recovery arising from purported irregularities in the process through which the Defendant bank foreclosed on his mortgage, the law is clear that claim preclusion cannot be avoided through the assertion of "alternative theories of recovery" or a request for "a different remedy," so long as these "other theories could have been asserted and [other] remedies could have been sought in the earlier action." *Rawe v. Liberty Mutual Fire Insurance Co.,* 462 F.3d 521, 529 (6th Cir. 2006) (internal quotation marks and citations omitted). As explained, Plaintiff has failed to identify any new facts or developments that give rise to a claim or theory of recovery asserted in his October 2015 complaint, but were unavailable to Plaintiff when he commenced his prior suit just a few months earlier.

      Finally, Plaintiff protests that the Court's show cause order is "vague[]" as to the "form of res judicata" that is implicated by his latest suit. (Plaintiff's Response to Show Cause Order at 2.) Yet, while it is true, as Plaintiff observes, that the term *res judicata* encompasses the "two related concepts" of claim and issue preclusion, (*id.*), no such uncertainty or confusion could arise from the Court's November 23 order, since the term *"res judicata"* **never appears** in this order. Rather, the Court referred exclusively to the doctrine of claim preclusion, explaining that the final

4

judgments entered in Plaintiff's two prior cases operate to bar him from using the vehicle of the present suit to pursue either (i) any claims already asserted in these two prior suits, or (ii) "any claims that Plaintiff could have asserted arising from the same underlying transactions." (11/23/2015 Show Cause Order at 5.)[1] Because Plaintiff has failed to identify any claims he seeks to pursue in the present action that could not have been asserted in his earlier suits, the Court find that Plaintiff's latest case is subject to dismissal under the well-settled principles of claim preclusion discussed in the Court's November 23, 2015 show cause order.

For these reasons,

---

[1] The Court notes that when its show cause order was entered in November of 2015, Plaintiff's Case No. 15-11085 was still pending and the Magistrate Judge was considering a motion to dismiss filed by Defendant Deutsche Bank. The Magistrate Judge has since issued a January 11, 2016 report recommending that the motion to dismiss be granted, and the Court has entered a March 3, 2016 order adopting the Magistrate Judge's report and recommendation and an accompanying judgment of dismissal. No appeal was taken from the order of dismissal, so the judgment in Case No. 15-11085 is now final.

NOW, THEREFORE, IT IS HEREBY ORDERED that the above-captioned case is DISMISSED.[2]

s/Gerald E. Rosen<br>United States District Judge

Dated:  August 1, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

[2] On the same date Plaintiff responded to the Court's November 23, 2015 show cause order, he also filed a motion to terminate his attorney/client relationship with the counsel who represented him in Case No. 15-11085, F. Anthony Lubkin. Because Plaintiff has proceeded *pro se* in the present suit, and no attorney — whether Mr. Lubkin or anyone else — has entered an appearance on Plaintiff's behalf in this case, the Court finds that Plaintiff's December 4, 2015 motion to terminate attorney/client relationship (docket #8) must be DENIED as moot.